Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For* Claimant SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-13634-WB |
| BALDWIN PARK CONGREGATE HOME, INC., | Before the Honorable Julia Brand |
| Debtor & Debtor in Possession | Chapter 11 |
| | **OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER DISALLOWING CLAIM OF SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY; DECLARATION OF BARUCH C. COHEN** |
| | Date: 4-12-2018<br>Time: 10:00AM<br>Courtroom 1375<br>255 E. Temple Street, Los Angeles, CA 90012 |

Claimant SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY ("SNP"), hereby opposes the *Motion for an Order Disallowing Claim of Snp Pharmacy, Inc., Dba Skilled Nursing Pharmacy* ("Motion") filed herein by Debtor & Debtor in Possession BALDWIN PARK CONGREGATE HOME, INC. ("BALDWIN").

Pursuant to Local Bankruptcy Rule 9013-1(F) any reply must be filed with the court and served on the responding party not later than 7 days prior to the  hearing on the motion. Failure to so state, file and serve any reply may result in the Court failing to consider the same.

3/19-3:58pm

1    DATED:        March 19, 2018            LAW OFFICE OF BARUCH C. COHEN
                                            A Professional Law Corporation

2

3                                           By ____/S/ Baruch C. Cohen_____
                                            Baruch C. Cohen, Esq.

4                                           *Attorney for* Claimant SNP PHARMACY, INC.,
                                            dba SKILLED NURSING PHARMACY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

        BALDWIN SCHEDULED SNP'S CLAIM AS A NONCONTINGENT, UNLIQUIDATED, UNDISPUTED DEBT IN THE AMOUNT OF $100,000.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

    LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

        FAILURE TO ATTACH A WRITING IS NOT A BASIS FOR DISALLOWANCE UNDER 11 U.S.C. §§501 AND 502; EVEN IF THE CLAIM IS NOT CONSIDERED PRIMA FACIE VALID, THE OBJECTION MUST STILL PRESENT EVIDENCE TO REBUT THE EVIDENCE IN THE CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

        SNP'S CLAIM CONTAINS A WRITTEN STATEMENT SUFFICIENTLY SETTING FORTH ITS CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

        SNP'S CLAIM'S VALIDITY STANDS BECAUSE THE DEBTOR DID NOT PRESENT EVIDENCE TO OVERCOME THE STATEMENTS ON THE PROOF OF CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

        TO THE EXTENT THIS COURT FINDS THAT SNP FAILED TO PROVIDE THE REQUIRED DOCUMENTATION, REQUEST IS MADE TO SUPPLEMENT ITS DOCUMENTARY SUPPORT . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

        DEBTORS' COUNSEL VIOLATED ETHICAL DUTIES BY: (1) OBJECTING TO A CLAIM FOR LACK OF DOCUMENTATION WHEN THE DEBT WAS SCHEDULED IN SUBSTANTIALLY THE SAME; & (2) SEEKING TO STRIKE & DISALLOW A CLAIM IN ITS ENTIRETY WHEN ANY PORTION OF THE DEBT IS UNDISPUTEDLY DUE & OWING . . -11-

        CLAIMS OBJECTIONS SUCH AS THESE INTERFERE WITH THE "JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF EVERY CASE." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

        SANCTIONS ARE WARRANTED IN THESE MATTERS TO DETER REPEAT CONDUCT AND TO DETER SIMILAR CONDUCTED BY OTHERS SIMILARLY SITUATED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

1

# **TABLE OF AUTHORITIES**

2

## **CASES**

3   *B-Line, LLC v. Wingerter*., (In re Wingerter), 594 F.3d 931, 939 (6th Cir. 2010) . . . . . . . . . . -14-

4   *Briggs v. Labarge*., (In re Phillips), 433 F.3d 1068 (8th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . -14-

5   *Dove-Nation v. eCast Settlement Corp*., (In re Dove-Nation), 318 B.R. 147, 152 (BAP 8th Cir. 2004)

6   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

7   *Ginsberg v. Evergreen Security, Ltd.*, (In re Evergreen), 570 F.3d 1257, 1275 (11th Cir. 2009)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

8   *Heath v. American Express Travel Related Servs. Co.*, (In re Heath), 331 B.R. 424, 432-33 (BAP 9th
9   Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

10  *In re Armstrong*, 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . -8-

11  *In re Bohrer*, 266 B.R 200, 201 (Bankr. N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

12  *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004), aff'd, 2006 WL 2820005 (D. Utah Sept. 29,2006)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

13  *In re Cluff*, 313 B.R. 323, 332-33 (Bankr. D. Utah 2004), aff'd, No. 04-CV-978TS, 2006 WL 2820005
14  (D. Utah Sept. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

15  *In re Dow Corning Corp*., 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) . . . . . . . . . . . . . . . . . -6-

16  *In re Felipe*, 319 B.R. 730 (Bankr. S.D. Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

17  *In re Great Western Cities, Inc. of N.M.*, 88 B.R. 109, 114 (Bankr. N.D. Tex. 1988), rev'd on other
grounds 107 B.R. 116 (N.D. Tex. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

18  *In re Habiballa*, 337 B.R. 911, 916 (Bankr. E.D. Wis. 2006) . . . . . . . . . . . . . . . . . . . . . . . . -10-

19  *In re Heath*, 331 B.R 424 (BAP 9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

20  *In Re Heath*, 331 B.R. 424 (9th Cir. BAP 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

21  *In re Henry*, 311 B.R. 813, 817 (Bankr. W.D. Wash. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

22  *In re Irons*., 343 B.R. 32, 40 (Bankr. N.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

23  *In re Jorczak*, 314 B.R. 474 (Bankr. D. Conn. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

24  *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

25  *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . -8-

26  *In re Kincaid*, 388 B.R. 610, 615 n.4 (Bankr. E.D. Pa. 2008) . . . . . . . . . . . . . . . . . . . . . . . . -10-

27  *In re McCarthy*, No. 04-10493-SSM, 2004 WL 5683383, at *8 (Bankr. E.D. Va. July 14, 2004)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

28

1   *In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

2   *In re Moreno*, 341 B.R. 813, 818 (Bankr. S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

3   *In re Orozco*, No. 09-34626-BKC-RAM (Bankr. S.D. Fla. July 30, 2011) . . . . . . . . . . . . . . . . -5-

4   *In re Relford*, 323 B.R 669, 677 (Bankr. S.D. Ind. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

5   *In re Relford*, 323 B.R. 669, 674 (Bankr. S.D. Ind. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

6   *In re Relford*, 323 B.R. 669, 674- 75 (Bankr. S.D. Ind. 2005) . . . . . . . . . . . . . . . . . . . . . . . . -8-

7   *In re Shank*, 315 B.R. 799, 813 (Bankr. N.D. Ga. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

8   *In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

9   *In re Shanks*, 315 B.R. 799 (Bankr. N.D. Ga. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

10  *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

11  *In re Thompson*, 260 B.R. 484, 486 (Bankr. W.D. Mo. 2001) . . . . . . . . . . . . . . . . . . . . . . . -7-

12  *In re Tran*, 351 B.R. 440, 447 (Bankr. S.D. Tex. 2006), aff'd, 369 B.R. 312 (S.D. Tex. 2007) . -7-

13  *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . -14-

14  *LTV Corp. v. Gulf State Steel. Inc. of Ala.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992) . . . . . . . . . . -6-

15  *Resurgent Capital Servs. v. Burnett.*, (In re Burnett), 306 B.R. 313 (9th Cir. 2003) . . . . . . . . . -14-

16  *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

17  **STATUTES**

18  11 U.S.C. §502(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

19  2017 California Rules of Court Rule 3.1800(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

20  28 U.S.C. § 2075 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

21  Fed. R. Bankr. P. 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

22  Fed. R. Bankr. P. 3001(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

23  Fed. R. Bankr. P. 3001(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

24  Fed. R. Bankr. p. 3001(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

25  Fed. R. Bankr. P. 9011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

26  Fed. R. Bankr. P. 9011(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

27  Fed. R. Bankr. P. 9011(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

28

3/19-3:58pm

1  **1.    MEMORANDUM OF POINTS AND AUTHORITIES**

2      **a.    INTRODUCTION**

3      SNP is completely baffled and bewildered at Baldwin's bad-faith Objection to SNP's *Proof*

4  *of Claim* in the amount of $144.954.28, stating that "***there is no statement of interest, fees, charges***,

5  or previous payments to meet the Chain threshold of "preponderance of the evidence." [Emphasis

6  added] A simple review of SNP's *Proof of Claim* and exhibits completely rebuts and refutes

7  Baldwin's frivolous objection. SNP's Claim attached adequate evidence of it's interest fees and

8  charges. Baldwin's objection smacks of bad faith and should be sanctioned accordingly.

9      **b.    FACTS**

10      On 6-21-2013, the parties entered into a *Pharmacy Services Agreement* to provide

11  pharmaceutical services to Baldwin. [Claim 6 Filed 04/26/17 Pages 9-38 of 65]

12      Baldwin purchased $105,854.62 of pharmaceutical goods and services from SNP and no

13  portion has been repaid as of this date.

14      On 11-19-2015, SNP demanded payment of $105,854.62 from Baldwin. Baldwin ignored said

15  demand for payment. [Claim 6 Filed 04/26/17 Page 39 of 65]

16      On 5-6-2016, SNP's litigation counsel demanded payment of $110,391.76 from Baldwin

17  reflecting increased interest. Baldwin ignored said demand for payment. [Claim 6 Filed 04/26/17

18  Page 8 of 65]

19      On 7-8-2016, SNP commenced a complaint for breach of contract against Baldwin entitled:

20  *SNP Pharmacy, Inc., dba Skilled Nursing Pharmacy vs. Baldwin Park Congregate Home, Inc* ., LASC

21  # BC626554 for the recovery of $110,391.76 of unpaid pharmaceutical goods and services. Baldwin

22  ignored said complaint and defaulted. [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main

23  Document Pages 11-51 of 65]. SNP was served with copies of the Summons and Complaint. [Claim

24  6 Filed 04/26/17 Pages 55-58 of 65]

25      On 10-21-2016, SNP obtained a court default against Baldwin. [Claim 6 Filed 04/26/17 Pages

26  61-62 of 65]

27      On 3-7-2017, SNP moved for Default Judgement and scheduled the hearing for 4-24-2017.

28

3/19-3:58pm

1   Paragraph 8 of the Baruch Cohen's Declaration in support of the Default Judgement clearly states:

2   "Plaintiff sought 10% interest per the contract of the $110,391.76 outstanding balance at $110,039.17,

3   for three years, since the contract date of 6-21-2013, calculated at $30.24 per day in the amount of

4   $33,117.52" and it explicitly referenced Footnote 3 which attached a breakdown of the interest

5   calculation per CRC 3.1800(a)(8). [Claim 6 Filed 04/26/17 Pages 4-64 of 65]

6
    **JUDGMENT CALCULATION**
7   Outstanding Balance as of July 6, 2016: $110,391.76
    Total Pre-Judgment Accrued Interest:* $33,117.52
8   Attorneys' Fees: $960.00
    Cost of Suit: $485.00
9   TOTAL: $144,954.28

10  **INTEREST CALCULATION**:
    Annual Interest: outstanding balance @ annual contract rate: $110,391.76 x 10%  = $11,039.17
11  Per Diem: annual interest ÷ days in year: $11,039.17 ÷ 365 = $30.24
    Pre-Judgment Accrued Interest: per diem x days elapsed:  $30.24 x 1,095 = $33,117.52

12
        Baldwin failed to respond and failed to file an opposition to SNP's *Motion for Default*
13
    *Judgement*. Instead, on 3-24-2017, Baldwin filed this bankruptcy which stayed the 4-24-2017 hearing
14
    on the Default Judgement Motion.
15
                    i.       **BALDWIN SCHEDULED SNP'S CLAIM AS A NONCONTINGENT,**
16
                             **UNLIQUIDATED, UNDISPUTED DEBT IN THE AMOUNT OF**
17
                             **$100,000.00**
18
        On 4-10-2017, the Debtor filed its Schedules and listed SNP in its Schedule F as an
19
    "undisputed" general unsecured creditor owing $100,000.00 (conceding in its schedule that the debt
20
    was due and owing in substantially the same amount).[1]  The Debtor has not amended it's Schedule
21
    F since then.
22
        Baldwin scheduled SNP's Claim as a noncontingent, unliquidated, undisputed debt, and SNP's
23
    claim contained sufficient information for debtors' counsel to match the claim with the scheduled
24
    debt.
25

26
        [1] A true and correct copy of the Debtor's *Schedule F* of 4-10-2017 is attached hereto as Exhibit
27  "1" and is incorporated herein by this reference. Pursuant to Federal Rule of Evidence 201, SNP
    requests that this Court take Judicial Notice of same.
28

1    Accordingly, two days after the bankruptcy filing, on 4-26-2017, SNP filed it's Proof of Claim

2    in the amount of $144,954.28, the exact amount requested in its *Motion for Default Judgement* and

3    attached all of the above documents to it. [Claim 6 Filed 04/26/17 Pages 1 - 65], and attached all of

4    the above documentation in support of its claim.

5    Nonetheless, on 11-13-2017 Baldwin's counsel  objected to the claim  on specious grounds,

6    based on a blatant misrepresentation that the proof of claim contained insufficient documentation to

7    substantiate the claim ("***there is no statement of interest, fees, charges***, or previous payments to meet

8    the Chain threshold of "preponderance of the evidence.") [Emphasis added] It strains credulity that

9    Debtor's counsel could have in good faith believed that the matching claim should not be allowed.

10    That day, on 11-13-2017, SNP's counsel Baruch Cohen wrote debtor's counsel Giovanni

11    Orantes a meet and confer letter stating that said representation was not true, requesting that Baldwin

12    withdraw its frivolous Motion to Disallow Claims.[2]  Baldwin ignored Mr. Cohen's meet & confer

13    letter.

14    On 11-16-2017, SNP requested the courtesy of a response to Mr. Cohen's letter of 11-13-2017,

15    which of course was ignored by Baldwin. Like the demands for payment, the Complaint, and like the

16    Motion, Baldwin ignored Mr. Cohen's letters.

17    At no point in time, did Baldwin meet & confer with SNP to request that it amend it's claim

18    to supplement any issue that was missing in its claim (like a Chapter 7 Trustee would do if this was

19    a Chapter 7 bankruptcy). Instead, Baldwin struck first, to completely disallow SNP's claim for

20    $144,954.28, that Baldwin has been ignoring and defaulting since 2013, and maybe, will ask questions

21    later.

22    Here, the Debtor did not dispute the amount or validity of SNP's debt which it scheduled in

23    substantially identical or lesser amount. Baldwin's objection to SNP's claim for a debt which was

24    scheduled in amounts substantially identical (or greater than) to the claimed amount. SNP's debt was

25    scheduled as neither contingent, nor disputed. None of the claims objections raises substantive

26    _____

27    [2] A true and correct copy of Mr. Cohen's meet & confer letter of 11-13-2017 to Giovanni
28    Orantes is attached hereto as Exhibit "2" and is incorporated herein by this reference.

allegations under § 502(b) to disallow SNP's claim, and Baldwin's Rule 3001(c) objection for lack of documentation concerns SNP's claim with substantial documentation attached.

SNP  attached to it's claim: (1) its 11-19-2015 demand for payment of $105,854.62 [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Page 39 of 65]; (2) its 5-6-2016 demand for payment of $110,391.76 [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Page 8 of 65]; & (3) it's 3-7-2017 Motion for Default Judgement Paragraph 8 that contained the interest and cost calculations per CRC 3.1800(a)(8). [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Pages 4-64 of 65].

Here, the Debtor never presented any evidence to contradict SNP's claims, much less any evidence that the claim falls within one of the exceptions set forth in Section 502(b); therefore, SNP's claims' validity stands.

c.   **LEGAL ARGUMENT**

Once properly filed, a proof of claim is prima facie evidence of the claim's validity and amount. Fed. R. Bankr. p. 3001(f).

i.   **FAILURE TO ATTACH A WRITING IS NOT A BASIS FOR DISALLOWANCE UNDER 11 U.S.C. §§501 AND 502; EVEN IF THE CLAIM IS NOT CONSIDERED PRIMA FACIE VALID, THE OBJECTION MUST STILL PRESENT EVIDENCE TO REBUT THE EVIDENCE IN THE CLAIM**.

Section 501 of the bankruptcy code only requires a creditor to timely file a proof of claim; otherwise either the debtor or the trustee can file the claim after the bar date. Section 502, subsections (a) and (b) state that a claim is deemed allowed as long as it is timely filed unless a party in interest objects to the claim on the grounds specified under subsections (b)(1)-(9).  Subsections (b)(1)-(9) provide the exclusive list of reasons for disallowance of a claim. The failure to accompany a proof of claim with the appropriate writing is not one of the reasons listed in section 502(b) for disallowance.

The growing majority of bankruptcy courts and appellate courts have read 28 U.S.C. § 2075 and 11 U.S.C. §502(b) as giving no discretion to disallow a claim for any reason other than those

-4-

1    stated in § 502. Fed. R. Bankr. P. 3001(c) does not create an independent ground for claim

2    disallowance because failure to comply is an evidentiary defect that only deprives a claim of its prima

3    facie validity. The burden of proof is on the objecting party to provide evidence surpassing the

4    evidence set forth in the claim. Here, the Debtor did not dispute the amount or validity of debt which

5    it scheduled in substantially identical or lesser amount. None of the claims objections raises

6    substantive allegations under § 502(b) to disallow SNP's claim, and Baldwin's Rule 3001(c) objection

7    for lack of documentation concerns SNP's claim with substantial documentation attached.

8        At least three published opinions concerning claim disallowance under 11 U.S.C. § 502 and

9    Fed. R. Bankr. P. 3001(c). See *In re Orozco*, No. 09-34626-BKC-RAM (Bankr. S.D. Fla. July 30,

10   2011); *In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Felipe*, 319 B.R. 730 (Bankr. S.D.

11   Fla. 2005). In *Moreno*, the Bankruptcy Court joined the majority view in deciding that a creditor's

12   failure to attach a signed application or statements supporting its claim is not a basis for claim

13   disallowance:

14           First, if a claim is scheduled by a debtor as undisputed and in an amount equal to or
             greater than the amount in the proof of claim, little, if any, documentation is necessary.
15           . . . Moreover, this Court joins other courts which have criticized the tactic of filing an
             objection to an undisputed scheduled claim. . . . The Court's bar to raising objections
16           to claims scheduled as undisputed should not be read as an invitation to schedule credit
             card debts as disputed in hopes of shifting the burden back to the creditor.
17

18   *Moreno*, 341 B.R. at 818 (internal citations omitted).

19       In the event that the scheduled amount is less than the proof of claim amount, an objection

20   based solely on lack of documentation should be overruled without prejudice to the debtor's right to

21   file a renewed objection to that portion of the claim which is in excess of the scheduled amount.

22   Further, in *Felipe*, the Bankruptcy Court held that "claims objections should address that portion of

23   a claim actually in dispute" and "it is not appropriate, for example, to seek an Order striking a

24   $1,361.96 claim in its entirety . . . if the debtor has scheduled the claim as undisputed and liquidated

25   in the amount of $1,320.00." *Felipe*, 319 B.R. at 735 n.3. In *Orozco*, the Bankruptcy Court published

26   an order to remind debtors' attorneys that alleged lack of supporting documentation is an insufficient

27   basis for claim disallowance. See *Orozco*, Case No. No. 09-34626-BKC-RAM, ECF No. 109, at 1-2.

28

1      Baldwin's objection to SNP's well-documented Claim, presents an essentially baseless claim

2   objections which appear to be shotgun attempt to object to everything and "see what sticks."

3   Requiring creditors to attach documentation in response to frivolous claims objections increases abuse

4   and litigation. See *In re Shank*, 315 B.R. 799, 813 (Bankr. N.D. Ga. 2004). If there is no substantive

5   objection to the claim, the creditor should not be required to provide further documentation because

6   it serves no purpose other than to decrease the likelihood that a valid claim against the estate will

7   be disallowed on specious grounds. Baldwin's objection to SNP's claim for a debt which was

8   scheduled in amounts substantially identical (or greater than) to the claimed amount. SNP's debt was

9   scheduled as neither contingent, nor disputed.

10      The 9th Circuit BAP said it best in *In Re Heath*, 331 B.R. 424 (9th Cir. BAP 2005):

11        When a creditor files a proof of claim, that claim is deemed allowed under Sections
501 and 502(a). A proof of claim that lacks the documentation required by Rule

12        3001(c) does not qualify for the evidentiary benefit of Rule 3001(f) ? it is not prima
facie evidence of the validity and amount of the claim ? but that by itself is not a basis

13        to disallow the claim. Section 502(b) sets forth the exclusive grounds for disallowance
of claims, and Debtors have introduced no evidence or arguments to establish any of

14        those grounds. Accordingly, the bankruptcy court's order allowing Creditors' claims
is AFFIRMED.

15

16        ii.    **SNP'S CLAIM CONTAINS A WRITTEN STATEMENT**

17              **SUFFICIENTLY SETTING FORTH ITS CLAIM**

18      Bankruptcy Rule 3001 would not appear to be particularly complicated or burdensome.

19   See *LTV Corp. v. Gulf State Steel. Inc. of Ala*., 969 F.2d 1050, 1058 (D.C. Cir. 1992) ("Proofs

20   of claim are not intended to be elaborately detailed documents."). One bankruptcy court has

21   observed that "[a] proof of claim for an unsecured creditor requires little more than a listing of

22   name, address, amount of claim (or a listing as 'unliquidated' or 'contingent') and a signature"

23   and that " [i]t should take less than five minutes to fill out." See *In re Great Western Cities, Inc*.

24   *of N.M.*, 88 B.R. 109, 114 (Bankr. N.D. Tex. 1988), rev'd on other grounds 107 B.R. 116 (N.D.

25   Tex. 1989). Basically, a properly executed proof of claim consists of (1) a creditor's name and

26   address, (2) the basis for the claim, (3) the date the debt was incurred, (4) the classification of the

27   claim, (5) the amount of the claim, and (6) supporting documentation. See *In re Dow Corning*

28

1  *Corp*., 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000). There have been numerous cases, though,

2  considering what constitutes the necessary documentation supporting such claims, and how the

3  lack of such documentation should be treated by the courts.

4      With regard to unsecured claims, there are no specific requirements for documentation,

5  other than submitting a writing (or a duplicate thereof) if a debt is based on a writing. See Fed. R.

6  Bankr. P. 3001(c); *In re Thompson*, 260 B.R. 484, 486 (Bankr. W.D. Mo. 2001). If the writing

7  has been lost or destroyed, a statement explaining the circumstances of the loss or destruction

8  should be filed with the claim. See Fed. R. Bankr. P. 3001(c). The term "based on a writing" is

9  not defined in the Bankruptcy Code, and one court noted that the requirement to attach a writing

10  is triggered if the claim was created by a writing. See *In re Cluff*, 313 B.R. 323, 332-33 (Bankr.

11  D. Utah 2004), aff'd, No. 04-CV-978TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006).

12      Courts have concluded that the underlying agreement itself forms the basis of the claim, and

13  must be attached to the proof of claim. See, e.g., *In re Tran*, 351 B.R. 440, 447 (Bankr. S.D. Tex.

14  2006), aff'd, 369 B.R. 312 (S.D. Tex. 2007); *In re Henry*, 311 B.R. 813, 817 (Bankr. W.D. Wash.

15  2004). That is exactly what SNP has done here, as it attached to it's claim its 6-21-2013 Pharmacy

16  Services Agreement to provide pharmaceutical services to Baldwin. [Case 2:17-bk-13634-WB Claim

17  6 Filed 04/26/17 Desc Main Document Pages 9-38 of 65].

18      Courts have recognized that, if the "writing" for accounts includes not only the underlying

19  agreement but also the written or electronic records of every transaction on the account since the

20  oldest unpaid obligation (or at least the monthly bills since that time), such records are likely to be

21  voluminous. This would put an unduly onerous burden upon the creditor, as well as on the debtor and

22  the trustee, who would need to sift through the produced documents in assessing the claim's validity.

23  So, as the court in *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn 2004) explained:

24          Accordingly, Official Form 10 allows for attachment of a summary of the claim, which
            falls in line with Federal Rule of Evidence 1006, allowing voluminous documentation

25          to be "presented in the form of a chart, summary or calculation." . . . The presentation
            of a summary, however, does not relieve the creditor of the responsibility to produce

26          the actual documentation, irrespective of the volume thereof, if requested by the debtor
            or Chapter 13 trustee. [internal citations omitted].

27

28

3/19-3:58pm

1   See also *In re Relford*, 323 B.R. 669, 674 (Bankr. S.D. Ind. 2004).

2      It has been noted that "[t]here is no uniform standard for what must be contained in a

3   summary," and that while some breakdown of interest and other charges must be included, "it is

4   unclear whether this should cover the entire account history, the last several billing cycles, or

5   only those charges not reflected in the last prepetition monthly statement." See *Heath v. American*

6   *Express Travel Related Servs. Co.*, (In re Heath), 331 B.R. 424, 432-33 (BAP 9th Cir. 2005). Many

7   courts rely on the same (or very similar) guidelines set out by the bankruptcy court in *In re Cluff*, 313

8   B.R. 323 (Bankr. D. Utah 2004), aff'd, 2006 WL 2820005 (D. Utah Sept. 29,2006). That court stated:

> To provide parties with sufficient information to ascertain the basis and accuracy of
> the creditor's claim, the summary attached to the proof of claim should: (i) include the
> amount of the debts; (ii) indicate the name and account number of the debtor; (iii) be
> in the form of a business record or some other equally reliable format; and (iv) if the
> claim includes charges such as interest, late fees and attorney's fees, the summary
> should include a statement giving a breakdown of those elements. These requirements
> fulfill the purposes of both Evidence Rule 1006 and Official Form 10, and gives
> debtors and trustees sufficient information to ascertain the accuracy and basis of the
> claim asserted.

14   313 B.R at 335. See also *In re Irons*., 343 B.R. 32, 40 (Bankr. N.D.N.Y. 2006); *In re Relford*, 323

15   B.R. 669, 674- 75 (Bankr. S.D. Ind. 2005); *In re Kemmer*, 315 B.R. 706, 715 (Bankr. E.D. Tenn.

16   2004); *In re Armstrong*, 320 B.R. 97, 106 (Bankr. N.D. Tex. 2005). That is exactly what SNP has

17   done here, as it attached to it's claim: (1) its 11-19-2015 demand for payment of $105,854.62 Claim

18   6 Filed 04/26/17 Page 39 of 65]; (2) its 5-6-2016 demand for payment of $110,391.76 [Claim 6 Filed

19   04/26/17 Page 8 of 65]; & (3) it's 3-7-2017 Motion for Default Judgement Paragraph 8 that contained

20   the interest and cost calculations per CRC 3.1800(a)(8). [Claim 6 Filed 04/26/17 Pages 4-64 of 65].

21      SNP complied with the 2017 California Rules of Court Rule 3.1800(a)Default judgments

22   entitled: Documents to be submitted and provided the LASC with sufficient documents:

> A party seeking a default judgment on declarations must use mandatory Request for
> Entry of Default (Application to Enter Default) (form CIV-100). In an unlawful
> detainer case, a party may, in addition, use optional Declaration for Default Judgment
> by Court (form UD-116) when seeking a court judgment based on declarations. The
> following must be included in the documents filed with the clerk:
> (1)Except in unlawful detainer cases, a brief summary of the case identifying the
> parties and the nature of plaintiff's claim;
> (2)Declarations or other admissible evidence in support of the judgment requested;
> (3)Interest computations as necessary;
> (4)A memorandum of costs and disbursements;

(5)A declaration of nonmilitary status for each defendant against whom judgment is sought;

(6)A proposed form of judgment;

(7)A dismissal of all parties against whom judgment is not sought or an application for separate judgment against specified parties under Code of Civil Procedure section 579, supported by a showing of grounds for each judgment;

(8)Exhibits as necessary; and

(9)A request for attorney fees if allowed by statute or by the agreement of the parties.

(Subd (a) amended effective July 1, 2007; previously amended effective January 1, 2005, and January 1, 2007.)

iii.    **SNP'S CLAIM'S VALIDITY STANDS BECAUSE THE DEBTOR DID NOT PRESENT EVIDENCE TO OVERCOME THE STATEMENTS ON THE PROOF OF CLAIM**

Several courts have concluded that, even without the required documentation, the proof of claim itself should be accorded evidentiary weight, and that the objecting party must come forward with evidence to overcome the statements on the proof of claim rather than merely objecting to the lack of documentation . See _In re Cluff_, 313 B.R. 323, 340 (Bankr. D. Utah 2004), aff'd, 2006 WL 2820005 (D. Utah Sept. 29, 2006) ("Proofs of claim are more than mere pleadings or allegations--they are some evidence. To overcome a proof of claim the Debtors must come forward with 'some evidence' to 'meet, overcome, or at least equalize' the statements on the proof of claim. A debtor's formal objection alone is not sufficient."); _Dove-Nation v. eCast Settlement Corp_., (In re Dove-Nation), 318 B.R. 147, 152 (BAP 8th Cir. 2004) ("Even if the proofs of claim are not entitled to prima facie validity, they are some evidence of the Claimant's claims….Here, the Debtor never presented any evidence to contradict the claims, much less any evidence that the claims fall within one of the exceptions set forth in Section 502(b); therefore, the claims' validity stands.")

It should be noted that in almost all of those cases in which courts have found that an objection based solely on the failure to provide required documentation does not warrant disallowance of a claim, the debtor was the objecting party. Also, in those cases the debtors scheduled the debts as undisputed and/or admitted that they had no substantive problem with the

1  claim. See, e.g., *In re Heath*, 331 B.R 424 (BAP 9th Cir. 2005) (debtors objected only because the

2  claims did not attach supporting documentation; debtors listed the claims as undisputed in their

3  schedules); *Dove-Nation v. eCast Settlement Corp*., (In re Dove-Nation), 318 B.R. 147 (BAP 8th

4  Cir. 2004) (The debtor initially conceded that she had no valid underlying basis to object to the

5  claims under §502, having originally scheduled the debts as undisputed. Debtor amended her

6  schedules to list the claims as disputed only after filing objections to the claims. In addition, the

7  Chapter 13 trustee testified he had examined the claims and found no reason to object to them.).

8  In such a case, to prevent debtors from filing objections based on a technicality, it seems

9  appropriate to require more than an objection based solely on inadequate documentation. See,

10  e.g., *In re Habiballa*, 337 B.R. 911, 916 (Bankr. E.D. Wis. 2006) (debtors who file objections

11  should not be relieved of their obligations on claims based on a "technicality" when debtors have

12  acknowledged the debt on their schedules); *In re Moreno*, 341 B.R. 813, 818 (Bankr. S.D. Fla.

13  2006) ("[T]his court joins other courts which have criticized the tactic of filing an objection to an

14  undisputed scheduled claim."); *In re Shank*, 315 B.R. 799, 814 (Bankr. N.D. Ga. 2004) (suggesting

15  that a debtor may be violating Rule 9011 and the good faith requirement for confirmation of a Chapter

16  13 plan by objecting to a scheduled claim). Cf. *In re Bohrer*, 266 B.R 200, 201 (Bankr. N.D. Cal.

17  2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered

18  against a debtor are eligible for treatment as judicial admissions.").

19      iv.  **TO THE EXTENT THIS COURT FINDS THAT SNP FAILED TO**

20                   **PROVIDE THE REQUIRED DOCUMENTATION, REQUEST IS**

21                   **MADE TO SUPPLEMENT ITS DOCUMENTARY SUPPORT**

22        When a creditor has failed to provide the required documentation, courts have generally

23  provided the claimant an opportunity to supplement its documentary support. See *In re Stoecker*,

24  5 F.3d 1022, 1028 (7th Cir. 1993) ("A creditor should therefore be allowed to amend his

25  incomplete proof of claim …to comply with the requirements of Rule 3001, provided that other

26  creditors are not harmed by the belated completion of the filing."); *In re Kincaid*, 388 B.R. 610,

27  615 n.4 (Bankr. E.D. Pa. 2008) (most courts will provide the claimant an opportunity to supplement

28

its documentary support); *In re Relford*, 323 B.R 669, 677 (Bankr. S.D. Ind. 2005) (court refused to disallow claim, giving creditor 30 days to amend the claim to include documentation establishing it as the actual holder of the claim). But see *In re Shanks*, 315 B.R. 799 (Bankr. N.D. Ga. 2004) (court would not order creditor to amend deficient proofs of claim that lacked sufficient documentation when debtor had scheduled those claims, and debtor's only objection was purely formal objection to lack of documentary support).

But when the creditor is given the opportunity to amend by supplying proper documentation and fails to do so, and provides no evidence in support of its claim, then the court may find that the creditor failed to carry its burden of proof, and may disallow the claim. As explained by the court in *In re McCarthy*, No. 04-10493-SSM, 2004 WL 5683383, at *8 (Bankr. E.D. Va. July 14, 2004):

> [W]here objection is made to a proof of claim based on the creditor's failure to attach the writing on which the claim is based, the creditor, prior to the hearing on the objection, should be allowed to file an amended proof of claim that cures the deficiency or, even without so amending, to appear at the hearing and prove its claim. But unless the claim is amended to comply with Rule 3001, it does not have the benefit of the prima facie validity conferred by Rule 3001(f). This means that if the creditor presents no evidence in support of its claim, it has necessarily failed to carry its burden of proof, and the claim must be disallowed.

**v.  DEBTORS' COUNSEL VIOLATED ETHICAL DUTIES BY: (1) OBJECTING TO A CLAIM FOR LACK OF DOCUMENTATION WHEN THE DEBT WAS SCHEDULED IN SUBSTANTIALLY THE SAME; & (2) SEEKING TO STRIKE & DISALLOW A CLAIM IN ITS ENTIRETY WHEN ANY PORTION OF THE DEBT IS UNDISPUTEDLY DUE & OWING**

As the Bankruptcy Court discussed in *Moreno* and *Felipe*, a creditor's failure to comply with Fed. R. Bankr. P. 3001(c) does not per se justify claim disallowance, especially when the debtor has scheduled the debt in substantially the same or greater amount and not scheduled the debt (in good faith) as contingent or disputed. See *Moreno*, 341 B.R. 813; Felipe, 319 B.R. 730; see also *In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005) (Felsenthal, Houser, & Hale, JJ.). By filing a petition and schedules, a debtor makes a sworn statement under penalty of perjury

1    regarding the debtor's understanding of its debts, and creditors file claims under that same

2    scrutiny. _Armstrong_, 320 B.R. at 107. Debtors' attorneys must carefully consider their ethical

3    obligations under Fed. R. Bankr. P. 9011(b) when objecting to a claim. See In re _Branch_, 2009 WL

4    2046510 (Bankr. E.D. Tex. 2009). Filing a mass of claim objections alleging "lack of documentation"

5    does not permit debtors' counsel to strike and disallow claims for debts which the debtor has already

6    admitted to owing. _Orozco_, Case No. 09-34626-BKC-RAM, ECF No. 109, at 2-3 (citing _Moreno_, 341

7    B.R. at 816; _Felipe_, 356 B.R. at 907). Rather, it subjects debtors' counsel to the prospect of Rule 9011

8    sanctions for isolated occurrences, and substantially more onerous sanctions when there is a persistent

9    pattern.

10        Fed. R. Bankr. P. 3001(a) only requires that a proof of claim "conform substantially to the

11    appropriate Official Form." Official Bankruptcy Form 10 does not require that all writings be

12    attached to support an unsecured claim as it advises the claimant to provide a summary if documents

13    are voluminous. Nor does Form 10 notify a claimant that failure to attach documentary support will

14    result in disallowance of the claim. "[T]he law is well settled that failure to attach supporting

15    documentation as required by a rule of procedure is not grounds for disallowance of a claim

16    [because] § 502(b) supplies the exclusive basis for claim disallowance." _In re Kincaid_, 388 B.R.

17    610, 614 (Bankr. E.D. Pa. 2008). A creditor's failure to attach Rule 3001(c) documents robs the

18    creditor of its Rule 3001(f) evidentiary presumption of validity, but that is not the only way for a

19    creditor to establish a prima facie claim against the estate. A proof of claim, when considered

20    together with the relevant admissions in the schedules, establishes a prima facie case of the debtor's

21    liability on the claim and shifts the burden of production to the debtor. See _In re Jorczak_,

22    314 B.R. 474 (Bankr. D. Conn. 2004). If a debt is undisputed, no other creditor has filed a proof of

23    claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of

24    the debt, the objection to claim should be overruled based upon the preponderance of the evidence.

25    See _Kincaid_, 388 B.R. at 617-18. To hold otherwise is to invite mischief:

26            Debtors with no evidence that the claims are invalid may be inclined to launch "fishing
            expeditions" for documents that the claimants simply cannot produce timely or
27            economically. Creditors who have executed their claims under penalty of fines and
            imprisonment will be forced to decide whether producing documentation is
28

1    economically feasible for a $5,000 claim, while debtors who have signed bankruptcy
2    schedules under penalty of perjury are relieved of their obligations to include those
     claims in a chapter 13 plan based on a technicality.

3    *In re Habiballa*, 337 B.R. 911, 916 (Bankr. E.D. Wis. 2006). Such mischief has been persuasively

4    addressed in this district when the Bankruptcy Court held that, "If a claim is scheduled by a debtor

5    as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any,

6    documentation is necessary." *Moreno*, 341 B.R. at 818. As such, objecting to a claim for such a debt

7    will almost always be a Rule 9011(b) violation, and scheduling debts as "disputed" with no good

8    faith basis would likewise violate Rule 9011(b). "The Court's bar to raising objections to claims

9    scheduled as undisputed should not be read as an invitation to schedule credit card debts as disputed

10   in hopes of shifting the burden back to the creditor." Id. Nor would scheduling the amount of claim

11   as "unknown" avoid the issue, as that would again subject debtors' counsel to Rule 9011(b) sanctions.

12   Even in the event that the scheduled amount is less than the proof of claim amount, an

13   objection seeking to strike and disallow the claim in its entirety should be overruled without

14   prejudice to the debtor's right to file a renewed objection to that portion of the claim which is in

15   excess of the scheduled amount. See *Moreno*, 341 B.R. at 819: "claims objections should address that

16   portion of a claim actually in dispute." *Felipe*, 319 B.R. at 735 n.3. It is not appropriate to seek an

17   order striking a $5,000.00 claim in its entirety if the debtor has scheduled the claim as undisputed and

18   liquidated in the amount of $2,500.00. See id. Repeated attempts to strike and disallow claims in their

19   entirety when portions of those debts are undisputedly due and owing is tantamount to bad faith

20   justifying the imposition of sanctions. See, e.g., *Ginsberg v. Evergreen Security, Ltd.*, (In re

21   Evergreen), 570 F.3d 1257, 1275 (11th Cir. 2009).

22   vi.    **CLAIMS OBJECTIONS SUCH AS THESE INTERFERE WITH THE**
23          **"JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF EVERY**
24          **CASE."**

25   The Federal Rules of Bankruptcy Procedure explicitly state that the "rules shall be construed

26   to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R.

27   Bankr. P. 1001. The purpose of the rules governing claims is to require creditors to provide

28

sufficient information so that a debtor may identify creditors and match their claims with scheduled

debts. See generally *Resurgent Capital Servs. v. Burnett*., (In re Burnett), 306 B.R. 313 (9th Cir.

2003). To require creditors to produce voluminous account information for every claim

imposes an unnecessary burden on creditors without conferring a commensurate benefit to debtors.

See *Shank*, 315 B.R. at 813. Instead, it increases abuse and litigation. See id. So long as the proof

of claim contains sufficient information to match it with a scheduled debt, the debt is undisputed,

no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence

to dispute the debt or ownership of the debt, the objection to claim is specious. See *Kincaid*,

388 B.R. at 617-18. Such claims objections – whether isolated Rule 9011(b) violations or concerted

frauds – interfere with the just, speedy, and inexpensive determination of whether claims should be

allowed.

> vii.   **SANCTIONS ARE WARRANTED IN THESE MATTERS TO DETER REPEAT CONDUCT AND TO DETER SIMILAR CONDUCTED BY OTHERS SIMILARLY SITUATED**.

The Court is asked to address this Omnibus Objection to Claims which is nothing more than

a wholesale unjustified claim objections, and to stop that practice. Fed. R. Bankr. P. 9011 places an

affirmative duty upon attorneys to make a reasonable investigation of the facts and the law before

signing and submitting any petition, pleading, motion, or other paper. *B-Line, LLC v. Wingerter*., (In

re Wingerter), 594 F.3d 931, 939 (6th Cir. 2010); *Briggs v. Labarge*., (In re Phillips), 433 F.3d 1068

(8th Cir. 2006). Attorneys are required to "think first and file later." *Stewart v. RCA Corp.*, 790 F.2d

624, 633 (7th Cir. 1986); see also *Lieb v. Topstone Indus., Inc*., 788 F.2d 151, 157 (3d Cir. 1986)

(telling attorneys to "look before leaping"). The filing of claim objections with little investigation into

the facts or law seems commonplace with this attorney. In short, Debtor's counsel who filed this

frivolous claim objections in violation of Fed. R. Bankr. P. 9011(b) is properly sanctioned in

accordance with Rule 9011:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

-14-

1   Fed. R. Bankr. P. 9011(c)(2). While a certain sanction may be sufficient to deter repetition by an

2   offending attorney in these matters, that very same sanction may not be sufficient to deter

3   comparable conduct by others similarly situated. The sanctions imposed by this order must be

4   tailored to deter those who may choose to take a calculated risk when deciding whether to object to

5   a creditor's claim.

6       Here, Baldwin's claim objection violated Rule 9011(b) as its claim objection is improper.

7   Debtors' counsel made no reasonable inquiry before filing the objection – he made no basic inquiry

8   before filing the objection.  Baldwin's claim objection constitutes not only a discrete Rule 9011(b)

9   violation, but rather a fraud upon creditors and this court. For the reasons outlined above, the court

10  is required to impose sanctions upon Debtor's counsel to deter repeat behavior and to deter similar

11  conduct by others similarly situated.

12      d.    **CONCLUSION**

13      For the above reasons, the Debtor Baldwin's Motion is properly denied, its  claim objections

14  is deemed meritless and properly overruled - as there being no factual, legal or equitable basis on

15  which to do otherwise.

16      The court is respectfully requested to conduct a show-cause hearing to address whether

17  sanctions should be imposed for Debtor's and Debtor's counsel's misrepresentations to the Court

18  regarding SNP's claim.

19  DATED:        March 19, 2018            LAW OFFICE OF BARUCH C. COHEN
                                            A Professional Law Corporation
20

21                                          By ____/S/ Baruch C. Cohen_____
                                            Baruch C. Cohen, Esq.
22                                          *Attorney for* Claimant SNP PHARMACY, INC., dba
                                            SKILLED NURSING PHARMACY
23

24

25

26

27

28

# DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I proudly represent Claimant SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY .

5.  This declaration is in support of the  OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER DISALLOWING CLAIM OF SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY.

6.  On 6-21-2013, the parties entered into a *Pharmacy Services Agreement* to provide pharmaceutical services to Baldwin. [Claim 6 Filed 04/26/17 Pages 9-38 of 65]

7.  Baldwin purchased $105,854.62 of pharmaceutical goods and services from SNP and no portion has been repaid as of this date.

8.  On 11-19-2015, SNP demanded payment of $105,854.62 from Baldwin. Baldwin ignored said demand for payment. [Claim 6 Filed 04/26/17 Page 39 of 65]

9.  On 5-6-2016, SNP's litigation counsel demanded payment of $110,391.76 from Baldwin reflecting increased interest. Baldwin ignored said demand for payment. [Claim 6 Filed 04/26/17  Page 8 of 65]

10. On 7-8-2016, SNP commenced a complaint for breach of contract against Baldwin entitled: *SNP Pharmacy, Inc., dba Skilled Nursing Pharmacy vs. Baldwin Park Congregate Home, Inc.,*

LASC # BC626554 for the recovery of $110,391.76 of unpaid pharmaceutical goods and services. Baldwin ignored said complaint and defaulted. [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Pages 11-51 of 65]. SNP was served with copies of the Summons and Complaint. [Claim 6 Filed 04/26/17 Pages 55-58 of 65]

11. On 10-21-2016, SNP obtained a court default against Baldwin. [Claim 6 Filed 04/26/17 Pages 61-62 of 65]

12. On 3-7-2017, SNP moved for Default Judgement and scheduled the hearing for 4-24-2017. Paragraph 8 of the Baruch Cohen's Declaration in support of the Default Judgement clearly states: "Plaintiff sought 10% interest per the contract of the $110,391.76 outstanding balance at $110,039.17, for three years, since the contract date of 6-21-2013, calculated at $30.24 per day in the amount of $33,117.52" and it explicitly referenced Footnote 3 which attached a breakdown of the interest calculation per CRC 3.1800(a)(8). [Claim 6 Filed 04/26/17 Pages 4-64 of 65]

---

**JUDGMENT CALCULATION**
Outstanding Balance as of July 6, 2016: $110,391.76
Total Pre-Judgment Accrued Interest:* $33,117.52
Attorneys' Fees: $960.00
Cost of Suit: $485.00
TOTAL: $144,954.28

**INTEREST CALCULATION**:
Annual Interest: outstanding balance @ annual contract rate: $110,391.76 x 10%  = $11,039.17
Per Diem: annual interest ÷ days in year: $11,039.17 ÷ 365 = $30.24
Pre-Judgment Accrued Interest: per diem x days elapsed:  $30.24 x 1,095 = $33,117.52

---

13. Baldwin failed to respond and failed to file an opposition to SNP's *Motion for Default Judgement*. Instead, on 3-24-2017, Baldwin filed this bankruptcy which stayed the 4-24-2017 hearing on the Default Judgement Motion.

14. Accordingly, two days after the bankruptcy filing, on 4-26-2017, SNP filed it's Proof of Claim in the amount of $144,954.28, the exact amount requested in its *Motion for Default Judgement* and attached all of the above documents to it. [Claim 6 Filed 04/26/17 Pages 1 - 65]

15. On 4-10-2017, the Debtor filed its Schedules and listed SNP in its Schedule F as an "undisputed" general unsecured creditor owing $100,000.00 (conceding in its schedule that

1    the debt was due and owing in substantially the same amount).[3]  The Debtor has not amended

2    it's Schedule F since then.

3   16.    Baldwin scheduled SNP's Claim as a noncontingent, unliquidated, undisputed debt, and

4    SNP's claim contained sufficient information for debtors' counsel to match the claim with the

5    scheduled debt.

6   17.    Nonetheless, on 11-13-2017 Baldwin's counsel  objected to the claim  on specious grounds,

7    based on a blatant misrepresentation that the proof of claim contained insufficient

8    documentation to substantiate the claim ("***there is no statement of interest, fees, charges***, or

9    previous payments to meet the Chain threshold of "preponderance of the evidence.")

10    [Emphasis added] It strains credulity that Debtor's counsel could have in good faith believed

11    that the matching claim should not be allowed.

12   18.    That day, on 11-13-2017, I wrote debtor's counsel Giovanni Orantes a meet and confer letter

13    stating that said representation was not true, requesting that Baldwin withdraw its frivolous

14    Motion to Disallow Claims.[4]  Baldwin ignored my meet & confer letter.

15   19.    On 11-16-2017, I requested the courtesy of a response to my letter of 11-13-2017, which of

16    course was ignored by Baldwin. Like the demands for payment, the Complaint, and like the

17    Motion, Baldwin ignored my letters.

18   20.    At no point in time, did Baldwin meet & confer with SNP to request that it amend it's claim

19    to supplement any issue that was missing in its claim (like a Chapter 7 Trustee would do if this

20    was a Chapter 7 bankruptcy). Instead, Baldwin struck first, to completely disallow SNP's

21    claim for $144,954.28, that Baldwin has been ignoring and defaulting since 2013, and maybe,

22    will ask questions later.

23   21.    Here, the Debtor did not dispute the amount or validity of SNP's debt which it scheduled in

24    _____

25    [3] A true and correct copy of the Debtor's *Schedule F* of 4-10-2017 is attached hereto as Exhibit
   "1" and is incorporated herein by this reference. Pursuant to Federal Rule of Evidence 201, SNP

26    requests that this Court take Judicial Notice of same.

27    [4] A true and correct copy of my meet & confer letter of 11-13-2017 to Giovanni Orantes is
   attached hereto as Exhibit "2" and is incorporated herein by this reference.

28

substantially identical or lesser amount. Baldwin's objection to SNP's claim for a debt which was scheduled in amounts substantially identical (or greater than) to the claimed amount. SNP's debt was scheduled as neither contingent, nor disputed. None of the claims objections raises substantive allegations under § 502(b) to disallow SNP's claim, and Baldwin's Rule 3001(c) objection for lack of documentation concerns SNP's claim with substantial documentation attached.

22.   SNP  attached to it's claim: (1) its 11-19-2015 demand for payment of $105,854.62 [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Page 39 of 65]; (2) its 5-6-2016 demand for payment of $110,391.76 [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Page 8 of 65]; & (3) it's 3-7-2017 Motion for Default Judgement Paragraph 8 that contained the interest and cost calculations per CRC 3.1800(a)(8). [Case 2:17-bk-13634-WB Claim 6 Filed 04/26/17 Desc Main Document Pages 4-64 of 65].

23.   Here, the Debtor never presented any evidence to contradict SNP's claims, much less any evidence that the claim falls within one of the exceptions set forth in Section 502(b); therefore, SNP's claims' validity stands.

24.   I spent 8 hours in preparation of this motion. My hourly fee is $500.00 per hour. I anticipate spending two hours replying to Baldwin's Reply and another three hours at the hearing on this Motion (13 hours = $6,500.00).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 19, 2018, at Los Angeles, California.

By    /S/ *Baruch C. Cohen*

Baruch C. Cohen, Esq

Debtor    **Baldwin Park Congregate Home, Inc.** _____    Case number (if known)    **2:17-bk-13634-WB**
_____Name_____

| | | | |
|---|---|---|---|
| 3.83 | Nonpriority creditor's name and mailing address<br>**Sherwin Banzuela**<br>**202 North Encinitas Ave.**<br>**Monrovia, CA 91016**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Employee**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $131.25 |
| 3.84 | Nonpriority creditor's name and mailing address<br>**Sherwin Galliguez**<br>**14664 Whitfram Avenue**<br>**Fontana, CA 92335**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Employee**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $784.75 |
| 3.85 | Nonpriority creditor's name and mailing address<br>**Skilled Nursing Pharmacy**<br>**16666 E Johnson Dr**<br>**Diamond Bar, CA 91765**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $100,000.00 |
| 3.86 | Nonpriority creditor's name and mailing address<br>**SoCal Office Technologies**<br>**5700 Warland Drive**<br>**Cypress, CA 90630**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $0.00 |
| 3.87 | Nonpriority creditor's name and mailing address<br>**State Fund Workmans Comp.**<br>**P.O. Box 8192**<br>**Pleasanton, CA 94588**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **7314** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $52,000.00 |
| 3.88 | Nonpriority creditor's name and mailing address<br>**Stephanie Jane Manalo**<br>**1134 Calle Ortega**<br>**San Dimas, CA 91773**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Employee**<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $504.00 |
| 3.89 | Nonpriority creditor's name and mailing address<br>**Steve Martinson**<br>**312 Oak Place Unit L**<br>**Brea, CA 92821**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br><br>Is the claim subject to offset? ■ No  ☐ Yes | $235,000.00 |

Exhibit # _____    Page # _____

11/16/2017      LAW OFFICE OF BARUCH C. COHEN, APLC Mail - 2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. Objection to Claim of SNP



BARUCH COHEN <baruchcohen@baruchcohenesq.com>

**2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. Objection to Claim of SNP**
2 messages

**Baruch Cohen** <baruchcohen@baruchcohenesq.com>                        Mon, Nov 13, 2017 at 3:06 PM
Reply-To: bcc@baruchcohenesq.com
To: Giovanni Orantes <go@gobklaw.com>
Bcc: Ben Mandelbaum <ben@skillednursingpharmacy.com>, Barbara Corrales <barbara.corrales@skillednursingpharmacy.com>

**Exhibit #   2   Page #   1**

11/16/2017        LAW OFFICE OF BARUCH C. COHEN, APLC Mail - 2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. Objection to Claim of SNP

Counsel:

- You have objected to my client SNP's unsecured Proof of claim in the amount of $144,954.28, stating that " there is no statement of interest, fees, charges, or previous payments to meet the Chain threshold of "preponderance of the evidence."
- **Your challenge is not accurate.**
  - Paragraph 8 of the Declaration in support of the Default Judgement attached to the Proof of Claim clearly states: "*Plaintiff sought 10% interest per the contract of the $110,391.76 outstanding balance at $11,039.17, for three years, since the contract date of 6-21-2013, calculated at $30.24 per day in the amount of $33,117.52*" and it explicitly referenced Footnote 3 which *attached a breakdown of the interest calculation per CRC 3.1800(a)(8).*
- Additionally, while your Motion states: "DEADLINE FOR OPPOSITION PAPER: Pursuant to Local Bankruptcy Rules 3007- 1(b) (3)(A) and 9013-1(o), you must file with the Court, and serve upon Debtor's counsel, at the address set forth on the first page of this Notice, a response to this Motion not later than fourteen (14) days prior to the hearing date set forth above" - however, no hearing date was provided.
- **Please withdraw your Motion vis-a-vis SNP immediately, so I'm not forced to oppose it and seek sanctions for the frivolous challenge.**

BCC

**2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. (https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?1782689)**
**Objection to Claim 221 (https://ecf.cacb.uscourts.gov/doc1/9730917850807pdf_header=&magic_num=90451887&de_seq_num=738&caseid=1782689)**

**Docket Text:**
Omnibus Objection to Claim #5,6,9,10,11,12,14 by Claimant in the amount of $ Filed by Debtor Baldwin Park Congregate Home, Inc.. (Attachments: # (1) Exhibit # (2) Exhibit # (3) Exhibit # (4) Exhibit # (5) Exhibit # (6) Exhibit # (7) Exhibit) (Orantes, Giovanni)

**2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. (https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?1782689)**
**BNC Certificate of Notice - PDF Document  222 (https://ecf.cacb.uscourts.gov/doc1/9730917859637pdf_header=&magic_num=3107106&de_seq_num=740&caseid=1782689)**

**Docket Text:**
BNC Certificate of Notice - PDF Document. (RE: related document(s)[216] Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/11/2017. (Admin.)

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 (tel:(323)%20937-4501) | Cell (323) 353-9535 (tel:(323)%20353-9535)
Facsimile: (323) 937-4503 (tel:(323)%20937-4503)
**New Email:** bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.BaruchCohenesq.com)

(http://attorneysdefendingisrael.blogspot.com/)    American Trial Attorneys in Defense of Israel

(https://www.linkedin.com/in/baruchcohen/) (https://mail.google.com/)    (https://twitter.com/CohenBaruch) (https://www.facebook.com/baruch.cohen.37)    bcc4929

**2013, 2015, 2016, 2017** Super Lawyers® is a registered trademark of Thomson Reuters

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

(https://mailtrack.io/) Sent with Mailtrack (https://chrome.google.com/webstore/detail/mailtrack-for-gmail-inbox/ndnaehgpjlnokgebbaldlmgkapkpjkkb?utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality)

**2 attachments**

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=15fb7a25170d21e8&attid=0.1&disp=attd&realattid=f_j9ysoywi0&safe=1&zw)

Omnibus Objection to Claim #5,6,9,10,11,12,14 - EXHIBIT 2.pdf
4809K

📄 (?
ui=2&ik=3b6bf1d349&view=att&th=15fb7a25170d21e8&attid=0.2&disp=attd&realattid=f_j9ysoyws1&safe=1&zw)

Omnibus Objection to Claim #5,6,9,10,11,12,14.pdf
594K

Baruch Cohen <baruchcohen@baruchcohenesq.com>                                        Thu, Nov 16, 2017 at 7:15 AM
Reply-To: bcc@baruchcohenesq.com
To: BARUCH COHEN <bcc@baruchcohenesq.com>
Cc: Giovanni Orantes <go@gobklaw.com>
Bcc: Ben Mandelbaum <ben@skillednursingpharmacy.com>, Barbara Corrales <barbara.corrales@skillednursingpharmacy.com>

Exhibit #  __2__   Page #  __2__

11/16/2017     LAW OFFICE OF BARUCH C. COHEN, APLC Mail - 2:17-bk-13634-WB Baldwin Park Congregate Home, Inc. Objection to Claim of SNP

Counsel:

- I would appreciate the courtesy of a response to my Meet & Confer letter to you of 11-13-2017.

BCC

✉ (https://mailtrack.io/) Sent with Mailtrack (https://chrome.google.com/webstore/detail/mailtrack-for-gmail-inbox/ndnaehgpjlnokgebbaldimgkapkpjkkb?utm_source=gmail&utm_medium=signature&utm_campaign=signaturevirality)

---
Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 (tel:(323)%20937-4501) | Cell (323) 353-9535 (tel:(323)%20353-9535)
Facsimile: (323) 937-4503 (tel:(323)%20937-4503)
**New Email:** bcc@baruchcohenesq.com (mailto:bcc@baruchcohenesq.com)
www.BaruchCohenEsq.com (http://www.baruchcohenesq.com)

(http://attorneysdefendingisrael.blogspot.com/)     American Trial Attorneys in Defense of Israel

in (https://www.linkedin.com/in/baruchcohen/) (https://mail.google.com/)     |(https://twitter.com/CohenBaruch) |(https://www.facebook.com/baruch.cohen.37) | bcc4929

**2013, 2015, 2016, 2017** *Super Lawyers® is a registered trademark of Thomson Reuters*

This e-mail is covered by the Electronic Communications Privacy Act 18 U.S.C. 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and destroy this communication.

[Quoted text hidden]

Exhibit #  __2__  Page #  __3__

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER DISALLOWING CLAIM OF SNP PHARMACY, INC., dba SKILLED NURSING PHARMACY; DECLARATION OF BARUCH C. COHEN** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 19, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Giovanni Orantes go@gobklaw.com, gorantes@orantes-law.com, cmh@gobklaw.com, gobklaw@gmail.com,
go@ecf.inforuptcy.com
Steven G Polard spolard@eisnerlaw.com, lewing@eisnerlaw.com
Jolene Tanner jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
Baruch C Cohen bcc4929@gmail.com, pjstarr@starrparalegals.com
Alvin Mar alvin.mar@usdoj.gov
Jolene Tanner jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **March 19, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 19, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia Brand, Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1382, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2018 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.